No. 756

ALDEN v. WURM MOVING & STORAGE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5664. Decided April 13, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

829. NEGLIGENCE—Where situation is such that court would not be able to say what would constitute ordinary care under circumstances, it is question for jury to determine whether there was an act of negligence and it is error to direct verdict.

MAUCK, P. J.

May Gibbs Alden brought her action in the Cuyahoga Common Pleas against the Wurm Moving & Storage Co. to recover damages for injuries sustained by her in a collision occurring between the automobile in which she was riding and a truck of the company's standing on the road side.

The driver of the automobile testified that he had approached close to the truck before he discovered that both a red and white light were on the rear of the truck and as he turned sharply to the left to evade a crash he ran into an arm projecting from the truck. This projection raked the automobile and injured Mrs. Alden. The Court directed a verdict in favor of the company on the ground that no negligence on its part was shown. Error was prosecuted and the Court of Appeals held:

1. If the jury had found the testimony of the driver to be true it would have been a further duty to determine whether or not reasonable care was exercised when the projection with a lantern suspended therefrom, was left extending into the roadway.

2. The inference to be drawn from all the circumstances was for the jury and it was not competent for the court to say that the situation did or did not establish negligence.

3. Inasmuch as there is no fixed rule of law by which the court can, as a matter of law, say in just what way such a projection might be maintained and still be within the requirements imposed by ordinary care, the question should have been submitted to the jury as to whether or not this was an act of negligence.

Judgment reversed and cause remanded.

Attorneys—A. W. Cinniger, Lorain, and C. E. Alden, Cleveland, for Alden; E. J. Hopple and H. R. Schuler, Cleveland, for Company.